UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,        Case No.  24-mc-50698
v                Honorable Linda V. Parker

CESAR STURLA,

   Defendant,
and

FIRST MERCHANTS BANK,

   Garnishee.
_____/

**<u>CORRECTED OPINION AND ORDER (1) REJECTING DEFENDANT'S OBJECTIONS TO THE WRIT OF GARNISHMENT AND DENYING HIS REQUEST FOR A HEARING; (2) DENYING AS MOOT THE UNITED STATES OF AMERICA'S MOTION FOR ORDER; AND (3) ORDERING GARNISHEE TO PAY</u>**

On November 21, 2019, Cesar Sturla pled guilty pursuant to a Rule 11 plea agreement to health care fraud in violation of 18 U.S.C. § 1347.  *See* Plea Agreement, *United States v. Sturla*, No. 21-cr-20661 (E.D. Mich. Nov. 29, 2021), ECF No. 13.  On April 23, 2024, this Court sentenced Sturla to a 20-month term of imprisonment, followed by a one-year term of supervised release.  Jdgmt., *id.* (E.D. Mich. Apr. 25, 2024), ECF No. 29.  The Court also ordered Sturla to pay a $100.00 assessment and restitution of $922,006.31.  *Id.*

To enforce the judgment, the United States has filed a request for issuance of a continuing writ of garnishment to be served on First Merchants Bank.  (ECF No.

1.)  The writ was issued on May 28, 2024 (ECF No. 8) and subsequently served on First Merchants Bank, Sturla, and Sturla's wife (ECF Nos. 4, 5).  Sturla filed an objection to the garnishment, in which he requested a hearing.  (ECF No. 3.)  His wife has not objected or otherwise responded.  First Merchants Bank answered the writ, disclosing that it held approximately $121,128.09 in individual and joint accounts for which Sturla was identified as an owner.

## Applicable Law & Analysis

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, requires sentencing courts to order criminal defendants to pay restitution to their victims.  The MVRA permits the United States to enforce a restitution order "by all other available and reasonable means," *id.* § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," *id.* § 3613(a).  28 U.S.C. § 3205(a) provides the United States with authority to enforce restitution orders through garnishments.  The United States may garnish all property except that which is specifically exempt from a levy.  *See* 18 U.S.C. § 3613; 26 U.S.C. § 6334; *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.").

A judgment debtor can object to a garnishment proceeding pursuant to 28 U.S.C. § 3202(d). Within twenty days of receiving the notice described in section 3202(b), the judgment debtor may request a hearing to quash the garnishment. However, the garnishment hearing is limited to (1) valid claim exemptions, (2) post-judgment statutory compliance for issuing the garnishment, and (3) challenges to judgments entered by default. *Id.*

While the statutory language requires the court to "hold a hearing . . . as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases and denying a hearing where the defendant failed to identify any valid objections to the writ of garnishment). If the objecting party does not raise a statutorily permissible issue in the request for a garnishment hearing, the request should be denied. *See United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994) (finding that the debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *United States v. Lawrence*, 538 F. Supp. 3d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.") Under

§ 3205, the objecting party bears the burden of proving the grounds for his or her objection. 28 U.S.C. § 3205(c)(5).

Sturla objects to the writ of garnishment, noting his co-defendants' joint and several liability for losses and the commingling of funds belonging to his wife in the First Merchants Bank accounts. (*See* ECF No. 3.) However, joint and several liability does not preclude the United States from pursuing and collecting the full amount owed from Sturla. *See* 18 U.S.C. § 3664(h). He presents no proof of commingling of his wife's funds in the subject accounts to satisfy his burden of proof under § 3205(c)(5). As indicated, his wife has failed to object.

Accordingly,

**IT IS ORDERED** that Defendant's objections to the writ of garnishment are **REJECTED** and his request for a hearing is **DENIED**.

**IT IS FURTHER ORDERED** that Garnishee First Merchants Bank shall immediately make payable to the Clerk of the Court, 100% of Defendant Judgment-Debtor Cesar Sturla's property as identified in its answer.

**IT IS FURTHER ORDERED** that Garnishee First Merchants Bank shall remit said funds to the United States, made payable to the "Clerk of the Court and sent (USDC – EDMI)," at Theodore Levin U.S. Courthouse, Attn: Financial, 231 W. Lafayette Blvd., Rm 599, Detroit, MI 48226.

**IT IS FURTHER ORDERED** that upon receipt of the funds from the liquidation of the accounts, the United States acknowledges that the Writ of

Garnishment, issued on or about May 28, 2024, shall be dissolved; any and all freezes imposed on Sturla's accounts at First Merchants Bank shall be released.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall disburse these funds in accordance with the provisions of the judgment entered in Case No. 21-cr-20661-01.

**IT IS FURTHER ORDERED** that the United States' Motion for Order of Garnishment (ECF No. 10) is **DENIED AS MOOT**.

Dated: June 20, 2025                                          s/LINDA V. PARKER
                                                              United States District Court